## Allentown *versus* Henry.

1. A water company was incorporated in Allentown, and authorized "to lay reasonable assessments in the nature of water-rents on every dwelling in any street, &c., in said city in which and as far as the water-pipes are now laid, or may be laid, and to collect," &c. Under an act for the purpose the city bought the works of the company with their franchises, privileges, &c. *Held*, that although these powers might be unconstitutional when applied to the company, they were not so when transferred to the city, a municipal corporation.

2. Authorizing the assessment to be made in streets, &c., where pipes were laid, was not imposing a local assessment for a general benefit, but was a local tax for a local benefit.

3. An ordinance by the city laying a tax "upon dwelling-houses *not supplied with hydrants*," was not in accordance with the Act of Assembly, and could not be enforced.

March 21st 1873.   Before READ, C. J., AGNEW and MERCUR, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county* : No. 249, of January Term 1873.

On the 13th of May 1872, the city of Allentown brought an action before a justice of the peace against William Henry for water-rent, for two houses of defendant in the city.   The justice gave judgment for the city for $11; the defendant appealed to the Court of Common Pleas.

By a supplement to the charter of the Allentown Water Company, approved April 14th 1868, it was provided that "they shall have the liberty, privilege and power to lay reasonable assessments in the nature of water-rents, upon every dwelling-house situated in any of the streets, lanes and alleys of the said city, in, through and along which, and as far as the water-pipes of said company are now laid and shall hereafter be laid, and to collect the said assessments or rents in the same manner as water-rents are now collected."

By Act of March 22d 1870, the city of Allentown was authorized to supply the city with water, and it might erect water-works or purchase works already erected, and there were conferred upon it all the rights, privileges, powers and franchises of the Allentown Water Company.   The city purchased the works of that company and passed the following ordinances :—

September 24th 1869: "That all rents or other emoluments which may arise from the use and application of said water, shall be applied for defraying the expenses of superintendence and of repairs and improvements of necessary works for the better accommodation and supply of the city with water, and to the payment of the interest and redemption of the city loan, and thereafter for any further improvement or in aid or alleviation of taxes on its inhabitants as may be directed by councils."

May 12th 1871 : "That from and after the passage of this

[Allentown *v.* Henry.]

ordinance, a tax of five dollars be levied *upon such dwelling-houses not supplied with hydrants*, which are situated upon any of the streets or alleys of this city, in, through and along which the water-pipes are now laid, and those hereafter to be laid, and that said assessment or tax shall be collected in the same manner as water-rents are now collected."

On the trial, January 10th 1873, before Longaker, P. J., the plaintiff gave evidence that the defendant was assessed for two houses, in neither of which was there a hydrant, but which were on streets through which the water-pipes were laid.

The defendant testified that he used a cistern in each of his houses and used no hydrant water.

The verdict was for the defendant, under the direction of the court.

Judge Longaker, in his opinion, on motion for a new trial, held that although the Act of 1868 might be unconstitutional in conferring on the Allentown Water Company the powers mentioned in it, it was not therefore unconstitutional when by the sale of their works those powers were transferred to a municipal corporation.

He further held that the act was unconstitutional, as imposing a local tax for general purposes.

The plaintiff removed the record to the Supreme Court by writ of error, and assigned for error that the court directed the jury to find for the defendant.

*H. C. Hunsberger*, for plaintiff in error.

*E. Holben* and *E. J. More*, for defendant in error.

The opinion of the court was delivered, May 17th 1873, by

MERCUR, J.—We think the learned judge correctly held that although the Act of 14th April 1868 might be unconstitutional, so far as it sought to authorize a private corporation to levy and collect a tax upon a citizen, yet it does not follow that that power may not be conferred upon a municipal corporation. The manifest intent and meaning of the Act of 22d March 1870, are to give to the plaintiff all the rights, privileges, powers and franchises which previous acts had declared to be given to the Allentown Water Company, as fully as the language used therein professed to give the same, so that the plaintiff now holds and possesses them as fully as if they had been re-enacted in the same words.

We, however, are unable to concur in his conclusion that the said acts are unconstitutional. We do not understand this Act of 14th April to impose an assessment for a general public benefit. Upon the contrary, it is a local tax, substantially for a local benefit. The tax is local, as it is imposed upon those dwelling-houses

[Allentown *v.* Henry.]

only, situate upon the lines of the water-pipes. The benefits are local, as the use of the water must necessarily be mostly restricted to the benefit of the property on those lines, both for domestic purposes and the extinguishment of fires. The effect of supplying those streets with water is to enhance the value of the dwelling-houses thereon. The maintenance of the pipes, and the supplying of water, are necessarily a continuing expense, and this tax is evidently designed to defray those expenses. It is well settled, that the legislature has the constitutional right to confer upon municipal corporations the power of assessing the cost of local improvements upon the properties benefited: Hammett *v.* Philadelphia, 15 P. F. Smith 146; Kirby *v.* Shaw, 7 Harris 258.

We concur that the verdict was correctly taken. The ordinance did not follow the Act of Assembly. The act authorized the assessment to be levied upon "every dwelling-house situated in any of the streets, lanes and alleys of the said city, in, through and along which, and as far as, the water-pipes are now laid, and shall hereafter be laid." The ordinance imposes the tax upon such dwelling-houses only as are "not supplied with hydrants."

This is an unwarranted departure from the letter and spirit of the law.

Judgment affirmed.